**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN G. CHRISTENSEN, III and CATHERINE KILPATRICK, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Judge Joan B. Gottschall |
| | ) | Magistrate Judge Martin C. Ashman |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-06484 |
| | ) | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | ) ) | |
| Defendant. | ) | |
| | ) | |

**VOLKSWAGEN GROUP OF AMERICA, INC.'S
MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant Volkswagen Group of America, Inc. ("VWGoA") hereby moves to dismiss the individual claims of both Plaintiffs. In support of its motion, VWGoA states as follows:

1. Plaintiffs assert claims pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act and the Vermont Consumer Fraud Act (Counts II and III). Pursuant to FRCP 9(b), these claims must be plead with specificity, *i.e.*, the who, what, where, when, and how of the alleged fraudulent conduct; here, alleged misrepresentations about the Bluetooth® mobile connectivity of certain Volkswagen brand motor vehicles. Plaintiffs have failed to meet this standard by: 1) failing to identify any representations that they themselves relied upon in deciding to purchase a Volkswagen vehicle; 2) failing to specify whether any alleged misrepresentations were made by VWGoA rather than the independent dealership at which the Plaintiffs purchased their vehicles. The Plaintiffs have also failed to allege that they owned

properly working Bluetooth® compatible mobile telephones.

2.      Plaintiffs assert a claim under the Magnuson-Moss Act (Count I). Plaintiffs'
Magnuson-Moss Act claim fails because the various marketing materials identified by the
Plaintiffs do not constitute warranties within the meaning of the Act. Warranties within the
scope of the Magnuson-Moss Act are expressly limited to a "written affirmation of fact or
written promise" that "relates to the nature of the material or workmanship and affirms or
promises that such material or workmanship is defect free or will meet a specified level of
performance over a specified period of time." Moreover, the Plaintiffs are prohibited from
asserting a claim under the Magnuson-Moss Act unless they first avail themselves of the
alternative dispute resolution procedures outlined in the actual written warranty on their
vehicles. Neither Plaintiff alleges that they have met this element of the Magnuson-Moss Act,
even though the warranty on Volkswagen vehicles provides for alternative dispute resolution.

3.      In addition to their Magnuson-Moss Act claim, the Plaintiffs assert claims for
breach of the implied warranty of merchantability (Counts IV, VI) and breach of express
warranties (Count V, VII). All of these warranty-based claims, including the Magnuson-Moss
Act claim, fail because Plaintiffs have not alleged that they demanded a repair from VWGoA.
Additionally, the Plaintiffs implied warranty of merchantability claims fail because the vehicles
Plaintiffs purchased are fit for their ordinary purpose, transportation, even if they do not have
Bluetooth® connectivity and, moreover, because independent dealers sold the vehicles to the
Plaintiffs, there is no privity between VWGoA and the Plaintiffs.

4.      In Count VIII, Plaintiffs assert a claim for unjust enrichment. This claim fails
because the Plaintiffs allege that a specific contract, the Plaintiffs warranty on their

Volkswagen vehicles, governs the parties' relationship.

5.      For all of these reasons, as discussed in greater detail in the accompanying Volkswagen Group of America, Inc.'s Brief in Support of Motion to Dismiss Plaintiffs' Individual Claims, which is incorporated herein by reference, Plaintiffs' Complaint should be dismissed in its entirety.

WHEREFORE, VWGoA respectfully requests that this honorable Court:

a.      Dismiss Plaintiffs' Complaint in its entirety with prejudice; and

b.      Grant such other relief that this Court deems just and proper.

Dated:  January 10, 2011                              Respectfully Submitted,

VOLKSWAGEN GROUP OF AMERICA, INC.


By:            s/ Steven J. Yatvin

Steven J. Yatvin
BARACK FERRAZZANO
  KIRSCHBAUM & NAGELBERG LLP
200 W. Madison Street
Suite 3900
Chicago, IL 60606
Tel: (312) 984-3100


Mark Varney
Troy M. Yoshino
Aengus H. Carr
CARROLL, BURDICK & McDONOUGH LLP
44 Montgomery Street, Suite 400
San Francisco, CA  94104
Tel: 415-989-5900