IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN G. CHRISTENSEN, III, CATHERINE KILPATRICK and LAWRENCE WU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.<br><br>Defendant. | Judge Joan B. Gottschall<br>Magistrate Judge Martin C. Ashman<br><br>Case No. 1:10-CV-06484 |

**JOINT MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs, John G. Christensen, III ("Christensen"), Catherine Kilpatrick ("Kilpatrick"), and Lawrence Wu ("Wu") (collectively, "Plaintiffs"), and Defendant, Volkswagen Group of America, Inc. ("VWGoA" or "Defendant") (with Plaintiffs, the "Parties"), hereby move for an Order preliminarily approving the class action settlement ("Settlement") reached in this Litigation.[1]

1. Rule 23 of the Federal Rules of Civil Procedure governs the approval of class action settlements. It is well-established that there is an overriding public interest in settling litigation, and this is particularly true in class actions. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th

---

[1] The full terms of the Settlement are memorialized in the Parties' Settlement Agreement and Release ("Settlement Agreement"), a true and correct copy of which is attached as Exhibit 1 to the Memorandum accompanying this Motion and incorporated by reference. All capitalized terms in this Motion refer to defined terms in the Settlement Agreement, which definitions also are incorporated by reference.

–1–

Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation.")

2. Plaintiffs in this Litigation allege that the "Bluetooth® systems" in certain model year 2010 Volkswagen Jetta SportWagen, Jetta Sedan and Golf vehicles[2] -- advertised, marketed and sold as containing a standard hands-free Bluetooth® mobile telephone connectivity calling system ("Bluetooth" or "Bluetooth® System(s)") -- were misrepresented because the system does not provide certain features that VWGoA allegedly advertised. Plaintiffs assert state-law warranty claims on behalf of a nationwide class through the Magnuson-Moss Act, as well as warranty- and fraud-based claims and unjust enrichment claims on behalf of Illinois, Vermont and California subclasses.

3. Following initial motion practice, the Parties began discussing the possibility of resolving the Litigation. Thereafter, over the course of a number of months, the Parties engaged and utilized the services of two well-respected mediators, the Honorable Wayne R. Andersen (Ret.) and the Honorable Edward A. Infante (Ret.), to assist them in attempting to resolve the Action. After significant arm's-length negotiations, the Parties were ultimately able to reach agreement on the terms of the Settlement which is now being presented to the Court for approval. "A strong presumption of fairness attaches to a settlement agreement when it is the result of this type of arm's length negotiation." *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 410 (E.D. Wis. 2002).

4. The Parties have entered into the Settlement to resolve this action on behalf of the

---

[2] Under the terms of the Settlement Agreement, "Settlement Class Vehicles" means the following vehicles distributed by VWGoA: model year 2010 Volkswagen Jetta Sedans (in trim levels Limited, SE, and Wolfsburg), model year 2010 Jetta SportWagens (in trim levels SE, and TDI) and model year 2010 Golfs (in trim level TDI), as well as model year 2010 Volkswagen Jetta Sedan S, Jetta SportWagon S, and Golf 2.5 vehicles originally purchased or leased with the Bluetooth® option.

–2–

following nationwide Settlement Class:

> All Persons who purchased or leased, not for resale, a Settlement Class Vehicle in the United States and Puerto Rico.

5. The Settlement, *inter alia*, provides full reimbursement for the purchase price of an upgrade to the Bluetooth® System, plus labor and shipping costs for Settlement Class Members who have already purchased a replacement Bluetooth® System. In addition, under the Settlement, any Settlement Class Member who has not purchased a replacement Bluetooth® System will have the opportunity to have a Bluetooth® upgrade kit with 9W7 functionality installed in their Settlement Class Vehicle at no cost for parts or labor.

6. Pursuant to the Settlement, VWGoA is representing that it is no longer advertising or selling the Settlement Class Vehicles, thereby ensuring that it is no longer making the representations regarding the Bluetooth® System that Plaintiffs have alleged are false and misleading.

7. Pursuant to the Settlement, and subject to the Court's approval, Defendant will retain the services of Rust Consulting, Inc. (the "Claims Administrator") to act as the Claims Administrator for this Settlement. The Claims Administrator will provide direct mail Notice of the Settlement to all former and current owners or lessees of the Settlement Class Vehicles in VWGoA's database. Additionally, Notice will be published on Plaintiffs' Counsel's website and on a Settlement website created by the Claims Administrator for the purpose of notifying Settlement Class Members of the Settlement and their rights thereunder. Pursuant to the terms of the Settlement, Defendant will bear all costs of providing Notice and otherwise administering the Settlement. Where, as here, Settlement Class Members are identifiable (here from VWGoA's

database), direct mail notice more than suffices to satisfy notice and due process requirements. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1995) (approving notice by First-Class mail to potential class members in class action lawsuit).

8. Pursuant to the Settlement, and subject to the Court's approval, Defendant has agreed to pay attorneys' fees, costs and expenses in the sum of $1,725,000. The attorneys' fees, costs and expenses are being paid separate and apart from the relief available to Settlement Class Members and, thus, do not diminish the relief available to Settlement Class Members.

9. Pursuant to the Settlement, and subject to the Court's approval, Defendant has agreed to pay incentive awards in the amount of $5,000 to each of the representative Plaintiffs, all of whom actively participated in the Litigation and performed significant work on behalf of the Settlement Class. The incentive awards are being paid separate and apart from the relief available to Settlement Class Members and, thus, do not diminish the relief available to Settlement Class Members.

10. The Settlement Class should be certified for purposes of settlement. Certification is warranted where, as here, it is demonstrated that the four prerequisites of Rule 23(a), numerosity, commonality, typicality and adequacy of representation, and one of the three requirements of Rule 23(b), are satisfied. *See* Fed. R. Civ. P. 23. Certification of a class action for damages requires a showing that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In certifying a settlement class, the court is not required to determine whether the action, if tried, would present intractable management problems, "for the proposal is

that there be no trial." *Amchem*, 521 U.S. at 620.  All of the prerequisites for certification of the Settlement Class have been satisfied.

        11.     As set forth more fully in the accompanying Memorandum, the Settlement provides substantial relief that squarely addresses the issues raised in this action.  Specifically, the Settlement fully reimburses Settlement Class Members who have purchased an upgraded module, while providing Settlement Class Members who wish to have an upgraded module the opportunity to have one installed at no cost.  As such, the Settlement is fair, adequate and reasonable, and well within the range of possible approval.

        Wherefore, the Parties respectfully request that this honorable Court enter an Order:

        a.     Preliminarily approving the Settlement;

        b.     Authorizing the dissemination of Class Notice; and

        c.     Setting a date for a Fairness Hearing.

Dated: December 8, 2011

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC. | JOHN G. CHRISTENSEN, III, CATHERINE KILPATRICK and LAWRENCE WU, Individually and On Behalf of All Others Similarly Situated |
| By:   s/  S. Mark Varney<br>       One of its attorneys | By:   s/  James C. Shah<br>       One of their attorneys |
| Steven J. Yatvin<br>Brandon C. Prosansky<br>BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP<br>200 West Madison Street, Suite 3900<br>Chicago, IL  60606(312) 984-3100 | Eric D. Holland<br>Steven Stolze<br>Ryan Furniss<br>HOLLAND, GROVES, SCHNELLER & STOLZE, LLC<br>10 South Riverside Plaza, Suite 1800 |

steve.yatvin@bfkn.com
brandon.prosansky@bfkn.com

S. Mark Varney
Troy M. Yoshino
Aengus H. Carr
CARROLL, BURDICK & MCDONOUGH, LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104
(415) 989-5900
MVarney@cbmlaw.com
TYoshino@cbmlaw.com
ACarr@cbmlaw.com

Chicago, IL 60606
(312) 474-6407
eholland@allfela.com
sstolze@allfela.com
rfurniss@allfela.com

Scott R. Shepherd
James C. Shah
Natalie Finkelman
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 East State Street
Media, PA 19063
(610) 891-9880
jshah@sfmslaw.com
nfinkelman@sfmslaw.com

James E. Miller
Patrick A. Klingman
Karen M. Leser-Grenon
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
65 Main Street
Chester, CT 06412
(860) 526-1100
jmiller@sfmslaw.com
pklingman@sfmslaw.com
kleser@sfmslaw.com

Thomas D. Mauriello
MAURIELLO LAW FIRM, APC
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
(949) 542-3555
tomm@maurlaw.com