

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN G. CHRISTENSEN, III,<br>CATHERINE KILPATRICK and<br>LAWRENCE WU, Individually and<br>on Behalf of All Others Similarly Situated, | )<br>)<br>)<br>) | |
| | ) | Judge Joan B. Gottschall |
| Plaintiffs, | )<br>) | Magistrate Judge Martin C. Ashman |
| v. | )<br>) | Case No. 1:10-CV-06484 |
| VOLKSWAGEN GROUP OF<br>AMERICA, INC. | )<br>) | |
| Defendant. | )<br>) | |

**ORDER AND FINAL JUDGMENT GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiffs John G. Christensen, III ("Christensen"), Catherine Kilpatrick

("Kilpatrick") and Lawrence Wu ("Wu") (collectively, "Plaintiffs") have moved for an order

finally approving the class action settlement ("Settlement") which was preliminarily approved by

Order dated December 14, 2011 ("Preliminary Approval Order") and which Motion was joined

by Defendant, Volkswagen Group of America, Inc. ("VWGoA" or "Defendant"); and

WHEREAS, the Parties appeared by their attorneys of record at a Final Approval Hearing

on February 22, 2012, after an opportunity having been given to all Class Members to be heard

in accordance with the Court's Preliminary Approval Order, and having given due consideration

to the Parties' settlement agreement, including its attached exhibits ("Settlement Agreement"),

the Motion, all other papers (including declarations) filed in support of the Settlement by the

Parties, the lone objection to the Settlement, the record in this case, the arguments at the hearing

CBM-SF\SF540738

1

on February 22, 2012, and all other materials relevant to this matter;

NOW, THEREFORE, IT IS ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2.     For purposes of this Litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms its previous certification, and for purposes of effectuating the Settlement, the Settlement Class is defined as follows:

> All Persons who purchased or leased the Settlement Class Vehicles, not for resale, in the United States and Puerto Rico.
>
> "Settlement Class Vehicles" means the following vehicles distributed by VWGoA: model year 2010 Volkswagen Jetta Sedans (in trim levels Limited, SE, and Wolfsburg), model year 2010 Jetta SportWagens (in trim levels SE,and TDI) and model year 2010 Golfs (in trim level TDI) as well as model year 2010 Volkswagen Jetta Sedan S, Jetta SportWagon S, and Golf 2.5 vehicles originally purchased or leased with the Bluetooth® option.
>
> Excluded from the Class are: persons who validly and timely exclude themselves from the Settlement Class; persons who have settled with and released Defendant from individual claims substantially similar to those alleged in this Litigation or persons who have had adjudicated claims substantially similar to those alleged in this Litigation; officers, directors or employees of VWGoA or its subsidiaries and affiliates; persons who have suffered personal injury as a result of the defects alleged; insurers or other providers of extended service contracts or warranties for the Settlement Class Vehicles; United States residents that have purchased Settlement Class Vehicles in the United States but have since transported the Settlement Class Vehicle outside the United States; and The Honorable Judge Joan B. Gottschall.

4.     Regarding the Settlement Class, the Court has determined, solely for purposes of the Settlement, the following:

(a)     The Settlement Class is so numerous that joinder of all Settlement Class Members in the Litigation is impracticable.  Based on Defendant's records, there are at least 94,000 Settlement Class Members;

(b)     That there are questions of law and fact common to the Settlement Class that predominate over any individual questions.  These common questions include, but are not limited to:

(i)     whether Defendant made misrepresentations to Plaintiffs and members of the Class regarding the Bluetooth System on the Vehicles;

(ii)     whether Defendant's claims regarding the Bluetooth System on the Vehicles were and are deceptive or misleading;

(iii)     whether Defendant concealed facts from Plaintiffs and members of the Class about the Bluetooth System on the Vehicles;

(iv)     whether Defendant engaged in false and/or misleading advertising;

(v)     whether Defendant knew or should have known that the representations were false;

(vi)     whether Defendant's conduct violated state consumer protection statutes;

(vii)     whether Defendant's conduct constituted a breach of express warranty; and

(viii)     whether Plaintiffs and members of the Class are entitled to damages, restitution, equitable relief and/or other damages and relief, and, if so, the amount and

nature of such relief;

   (c) The claims of the Plaintiffs are typical of the claims of the Settlement

Class;

   (d) Plaintiffs and Class Counsel have and will continue to fairly and

adequately represent and protect the interests of the Settlement Class; and

   (e) A class action is superior to all other available methods for the fair and

efficient adjudication of the controversy.

  5. In accordance with the Court's Order preliminarily approving the Settlement, the

Settlement Administrator (Rust Consulting) sent the Notice by direct mail to the more than

94,000 Class Members contained in VWGoA's database.  In addition, the Settlement

Administrator established a dedicated website, *www.christensensettlement.com*, which posted the

Notice, as well as other pertinent Settlement documents, including the Claim Form and

Settlement Agreement.  The website also contained a Commonly Asked Questions section and

provided guidance as to how to contact Class Counsel and/or the Settlement Administrator with

any questions.  The Settlement documents were also posted on Class Counsel's website

(www.sfmslaw.com).  In addition, the Settlement Administrator established a toll-free telephone

number that Class Members were able to utilize.

  6. The Court has determined that the Notice that has been provided pursuant to the

Settlement Agreement and the Preliminary Approval Order (a) provided the best practicable

notice; (b) was reasonably calculated, under the circumstances, to apprise Settlement Class

Members of the pendency of the action, the terms of the proposed Settlement, and their right to

appear or object to or exclude themselves from the proposed Settlement; (c) was reasonable and

constituted due, adequate, and sufficient notice to all persons entitled to receive Notice; and (d)

CBM-SF\SF540738

fully complied with all applicable due process requirements and applicable law.

7.       The Court hereby finds that VWGoA has provided sufficient, CAFA-compliant

notice to all appropriate federal and state officials, and that the Parties' Settlement and actions

also comply with applicable requirements of CAFA.

8.       The Court has determined that full opportunity has been given to the Class

Members to opt out of the Settlement, object to the terms of the Settlement and otherwise

participate in the Final Approval Hearing on February 22, 2012. The Court has considered the

lone objection to the Settlement, lodged by Michael T. Crehan, and has determined that it does

not warrant disapproval of any aspect of the Settlement Agreement. No other Class Member has

raised any of the concerns set forth by Mr. Crehan in his objection and the Court finds that the

Notice was sufficient and that the Settlement is not constructed in a manner that excludes certain

Class Members from relief as Mr. Crehan believes it does.

9.       The Court has carefully considered the materials before it and has made its

independent judgment. Plaintiffs and the Settlement Class Members face significant risks in the

Litigation; the possibility of any greater ultimate recovery in litigation is highly speculative and

unlikely given the result achieved. Further, any such recovery would occur only after

considerable, additional delay. Moreover, the Parties have reached the Settlement Agreement

after vigorous litigation, significant investigation and extensive arm's-length negotiations absent

collusion, including a lengthy mediation proceeding. Accordingly, having considered the

foregoing, the number of Settlement Class Members who have asked to be excluded from the

Settlement, and the level of opposition to the Settlement Agreement, and balancing the costs,

risks, and delay of continued litigation against the benefits provided to the Settlement Class by

the Settlement set forth in the Settlement Agreement, and based on the Court's own knowledge

CBM-SF\SF540738

5

of the Litigation, the Court finds and concludes that the Settlement is in the best interests of the

Settlement Class and is a fair, reasonable, and adequate compromise of the claims asserted in the

Litigation.

10.     The Settlement, and the terms of Settlement as described in the Settlement

Agreement are, accordingly, approved and confirmed as fair, reasonable and adequate to all

Settlement Class Members.

11.     The Parties are hereby directed to continue to proceed with and implement the

Settlement Agreement in accordance with its terms.  Defendant shall take all steps reasonable

and appropriate to provide Class Members with the benefits they are entitled to under the terms

of the Settlement Agreement.

12.     This Litigation is hereby dismissed with prejudice and without costs as against the

Defendant and the Released Persons, except as otherwise ordered in Paragraph 15, below.

13.     Upon the Effective Date, Plaintiffs and all Settlement Class Members, with the

exception of those that have opted-out and are listed in Exhibit "1" to this Order, are

permanently barred and enjoined from instituting, commencing or prosecuting, either directly or

in any other capacity, any and all of the Released Claims against VWGoA or any of the Released

Persons, including all claims arising out of or related in any way to the subject matter of this

Litigation other than claims for personal injury or damage to property other than a Settlement

Class Member's Settlement Class Vehicle.

14.     Upon the Effective Date, VWGoA and all other Released Persons, by operation of

this Final Judgment, shall be fully, finally, and forever released, relinquished, and discharged by

Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' and Class Counsel from

all claims relating to or arising out of or connected with the instruction, prosecution, assertion,

CBM-SF\SF540738

6

settlement, or resolution of this action and/or the Released Claims. In addition, upon the Effective Date, the Released Claims are hereby compromised, settled released, discharged, and dismissed as against the Released Persons on the merits by virtue of the proceedings herein and this Final Judgment. Notwithstanding the foregoing, nothing shall be construed as a release of VWGoA from carrying out its obligations under the Settlement should the Effective Date occur.

15. The Court, having considered the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees and expenses in the amount of one million, seven hundred and twenty-five thousand dollars ($1,725,000), as the Court finds that the fees and expenses were warranted and fair and reasonable under the applicable factors. The Court also approves the requested aggregate incentive award in the sum of fifteen thousand dollars ($15,000), which is to be distributed to each of the Class Representatives in the sum of five thousand dollars ($5,000), as is more fully set forth in the Settlement Agreement.

16. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

17. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties and their counsel, including all Settlement Class Members, and the execution, consummation, administration, effectuation and enforcement of the terms of the Settlement Agreement, and the terms of this Order and Final Judgment, including entry of any further orders as may be necessary and appropriate.

18. Neither the Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

CBM-SF\SF540738

(a)     offered by any person or received against any Released Person as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Person of the truth of the facts alleged by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Released Person;

(b)     offered by any person or received against any Released Person as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Person or any other wrongdoing by any Released Person; or

(c)     offered by any person or received against any Released Person or as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the Settling Parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Agreement of Settlement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Final Judgment, or the Proofs of Claim and Release as

to any Released Person, Plaintiffs, or the Settlement Class Members; or

        (d)    offered by any person or received against Plaintiff or Settlement Class Member as evidence or construed as or deemed to be evidence that any of their claims in any of the cases consolidated herein lack merit.

19.    Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

20.    In the event that the Effective Date does not occur, this Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.


ENTERED this 22 day of February, 2012

_____
THE HONORABLE JOAN B. GOTTSCHALL

Exhibit 1

*Christensen, et. al v. Volkswagen Group of America, Inc.*
**Case No. 1:10-CV-06484**

**Opt-Out/Exclusion Requests**

1) Elaine R. Hunt
   75 Thomas Lane
   East Setauket, NY 11733

2) Karen K. Bryan
   Apt. 703, The Colonnade
   2801 New Mexico Avenue, N.W.
   Washington, DC 20007

3) Earlene Washburn
   885 St. Marie Street
   Florissant, MO 63031

4) Virginia Tyler
   2741 N. Salisbury Street
   West Lafayette, IN 47906

5) William G. Rohlfsen
   Moss Butler, LLC
   1400 South 24th Street
   Clear Lake, IA 50428

6) Deborah J. O'Lynn
   7457 Coomac Road
   Myrtle Beach, SC 29588

7) Annette M. Cook
   15 Riverview Avenue
   South Dartmouth, MA 02748

8) Thomas E. Taylor, Jr.
   135 Saturn Court
   Pittsburg, CA 94565

9) Jeffrey Pulver
   2373 Palm Dale Drive, SW
   Wyoming, MI 49519

10)   Miroslav Hosek
      357 North Farm Drive
      Lititz, PA   17543

11)   Daniel Brian Shonka
      121 Springdale Court
      Central, SC 29630

12)   Geraldine Ashton Shonka
      122 Sprindale Court
      Central, SC 29630

13)   Priscilla M. Leith
      162 Islington Road
      Newton, MA 02466

14)   Deborah Southworth
      1856 Floyd Stalcup Road
      Murphy, NC 28906-2165

15)   Amy Theobald
      1365 Boylston Street, Unit 1250
      Boston, MA 02215

16)   Nancy D. Rollins
      56 Teaticket Path
      Teaticket, MA 02536

17)   Christian Wolf
      1110 Centennial Avenue
      Piscataway, NJ 08854

18)   Gerald J. Cala
      267 Rose Street
      Metuchen, NJ 08840

19)   Charles L. Day
      111 CR 3341
      Waskom, TX 75692

20)   Kim Harrington
      8940 Jamacha Blvd.
      Spring Valley, CA 91977

21) Michael P. Thur
18388 Sheldon Road
Brook Park, OH 44142

22) Susan L. Perbeck
1008 Wellstead Street
Mt. Pleasant, SC 29466

23) Justine Yaley
190 Palm Beach Avenue
Half Moon Bay, CA 94019

24) Amir Duarte
187 Bellevue Street
Elizabeth, NJ 07202

25) Carolyn Percival
4453 Alpine Circle, S.E.
Rio Ranchos, NM 87124

26) Sarah E. Carrier
P.O. Box 402
139 Hitchcock Road
Saxtons River, VT 05154

27) Caitlin and Michael D. Milroy
3888 San Ramon Drive (Unit 17)
Oceanside, CA 92057

28) Carole Wadding
2701 N. Gravevine Mills Blvd., #1912
Grapevine, TX 76051

29) Linda E. Schmidt
6707 N. Forest Bnd.
San Antonio, TX   78240-3304

30) Frederic Van Streain
4339 Redbud Trail
Williamston, MI 48895

31) Nathan J. Rabalais
300 Sandhurst Drive
Lafayette, LA 70508

32)     Diane Gail Rabalais
           300 Sandhurst Drive
           Lafayette, LA 70508

33)     Floyd Rumohr
           484 West 43rd Street, #13-R
           New York, NY 10036

34)     Janet Sutherland
           21540 Provincial Blvd., #511
           Katy, TX 77450

35)     Alfred Wehrsdorfer
           2008 Crest Court
           Woodland Park, CO 80863

36)     Brian Clark
           5003 Green Shore Circle
           Lago Vista, TX 78645

37)     Rita M. Vaca
           5409 N.W. 84th Ct.
           Kansas City, MO 64154

38)     Rosalie Pierri
           22 Post Lane
           Riverdale, NJ 07457

39)     Kathryn Elling
           28702 296th Avenue
           Holcombe, WI 54745-5574

40)     Eleanor J. Cole
           1101 Park Avenue
           Pekin, IL 61554

41)     Nikolas Alkiviadis Keramidas
           38 S. Dreamweaver Cir.
           The Woodlands, TX 77380-4209

42)     Kathryn Newcomb
           7014 Lindell Boulevard
           St. Louis, MO 63130

43)     David Urena
        67-07 150th Street
        Apt. 364A
        Flushing, NY 11367

44)     Brenda M. Tomlinson
        3710 Riveredge Dr.
        Jacksonville, FL 32277

45)     Erin Elizabeth Eyl
        4825 Collingswood Drive
        Highlands Ranch, CO 80130

46)     Karen Rodriguez
        10810 Lakewood Oaks Drive
        Sugar Land, TX 77498

47)     Richardo Gonzalez

48)     Francesco Beltrami
        4018 Colquitt Street
        Houston, TX 77027

49)     Laura A. Mitchell
        6648 Hunting Path Road
        Haymarket, VA 20169

50)     Celeste Richert
        2392 Abbeywood Dr., E
        Lisle, IL 60532

51)     Marie Annese
        418 Leicester Street
        Auburn, MA 01501

52)     Jessica W. Chan
        250 King Street, #1000
        San Francisco, CA 94107

53)     Harry B. And Christina M. Caldwell
        5131 Wild Burro Spring Drive
        Marana, AZ 85658-4288

54) Roger Etzell
    6703 5K Avenue
    Greenville, OH 45331

55) Stephen Gibson
    8507 Cherry Hill Drive
    Dallas, TX 75243-7025

56) Adam Temple
    40543 S. Twickerham Road
    Mitchell, OR 97750

57) Nicole Gonzalez
    2713 Rising Mist Ln
    Bakersfield, CA 93313

58) Phallon Smith
    4747 Maggie Lane
    Shingle Springs, CA 95682

59) Maria A. Crooks-Smellie
    6183 Osprey Terrace
    Coconut Creek, FL 33073

60) David P. Barnard
    115 Elm Avenue
    Delmar, NY 12054

61) Michael McAdams
    30 Corriedale Drive
    Manchester, PA 17345

62) Paul Newman
    413 S. President Street
    Jackson, MS 39201-5006

63) Carrie Favriloff
    535 Capri Court
    Williamstown, NJ 08094